AO 243
REV 6/82

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District District of Massachusetts | |
|---|---|---|
| Name of Movant Sally Williams | Prisoner No. 24551-038 | Docket No. 01 CR 10055 013 WGY |
| Place of Confinement Satellite Camp - FMC Lexington, Lexington, KY | | |

(include name upon which convicted)

UNITED STATES OF AMERICA   v.   SALLY WILLIAMS
(full name of movant)

05 10114 WGY

MOTION

MAGISTRATE JUDGE _____

1. Name and location of court which entered the judgment of conviction under attack United States District Court, District of Massachusetts, One Courthouse Way, Boston, MA 02210

2. Date of judgment of conviction  12/09/03

3. Length of sentence  33 months

4. Nature of offense involved (all counts)  1 Count  18 U.S.C. § 371  Conspiracy

5. What was your plea? (Check one)
    (a) Not guilty  ☐
    (b) Guilty  ☒
    (c) Nolo contendere  ☐

    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. Kind of trial: (Check one)
    (a) Jury  ☐
    (b) Judge only  ☒

7. Did you testify at the trial?
    Yes ☐  No ☐   n/a

8. Did you appeal from the judgment of conviction?
    Yes ☐  No ☒

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED ___
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. _m_
DATE 1-18-05

(2)

AO 243
REV 6/82

9. If you did appeal, answer the following:

   (a) Name of court _____

   (b) Result _____

   (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____

        (2) Nature of proceeding _____
        _____

        (3) Grounds raised _____
        _____
        _____
        _____
        _____
        _____
        _____

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
            Yes ☐ No ☐

        (5) Result _____

        (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court _____

        (2) Nature of proceeding _____
        _____

        (3) Grounds raised _____
        _____
        _____
        _____
        _____

AO 243 (Rev. 5/85)

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐ No ☐

    (5) Result_____

    (6) Date of result _____

  (c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.     Yes ☐ No ☐
    (2) Second petition, etc.  Yes ☐ No ☐

  (d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.
                                                  SEE ATTACHMENTS
CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.
    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.
  (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
  (b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Ineffective Assistance of Counsel

Supporting FACTS (state *briefly* without citing cases or law): Counsel failed to properly explain "d" of the Plea Agreement, as pertaining to mass-marketing. There is no mention of the term "mass-marketing" in the Indictment. I maintain that counsel should have challenged this two point enhancement with the U.S. Attorney and advise me not to sign it.

B. Ground two: Ineffective Assistance of Counsel

Supporting FACTS (state *briefly* without citing cases or law): Counsel should have, but failed to respectfully request that Judge Young hear my motion for a downward departure based on the existance unusual family circumstances; during the Sentencing Hearing.

C. Ground three: Ineffective Assistance of Counsel

Supporting FACTS (state *briefly* without citing cases or law): Documentation was provided by me to support my holding of a Real Estate License in Nevada. According to 128hh of the PSI, pro-bation officer's response that my counsel had not provided her the information.

(5)

AO 243
REV 6/82

    D. Ground four: _____

       Supporting FACTS (tell your story *briefly* without citing cases or law): _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: __n/a__

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

   (a) At preliminary hearing _____

   (b) At arraignment and plea __E. Peter Parker, One Commercial Way, Boston, MA 02110__

   (c) At trial _____

   (d) At sentencing __E. Peter Parker, One Commercial Way, Boston, MA 02110__

AO 243 (Rev. 5/85)

(e) On appeal _____

(f) In any post-conviction proceeding _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☒

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_January 4, 2005_
(date)

_/s/ Sany W._
Signature of Movant

(7)

It is respectfully requested that the United States District Court, District of Massachusetts, consider my motion under 28 USC § 2255 **to Vacate, Set Aside, or Correct Sentence**. Please allow me to clearly state, that this is by no means an attempt to withdraw a quilty plea. My plea remains quilty.

I ask that the Court give consideration to my filing date. For months I was under the assumption that my Final Sentencing Hearing took place on January 9, 2004 (Given my original self-surrender date was February 16, 2004). As a person in federal custody and especially at Satellite Camp, resources are limited. We are not allowed to have a copy of our PSI (Pre Sentence Investication Report) in our possession. On December 28, 2004, through my case manager, I viewed my PSI and was given a copy of the Sentencing Order. It was at that point, the error of date was detected. I ask the courts understanding that I had made attempts to pursue filing a motion, review the legality of my case and get questions answered.

In May 2004, I applied for Legal Aid through the Federal Bureau of Prisons. I finally got put on the legal assistance call-out for October 19, 2004 and November 22, 2004 for a combined total of 30 minutes. Legal Aid was to research my case and filing my motion under 28 USC § 2255. To date, I have not had follow-up.

On July 21, 2004, I mailed counsel, E. Peter Parker a lengthy letter (see attachment) and much to my disappointment, he has never responded.

On October 11, 2004, I mailed a letter of request to the Clerk of

the Courts, Massachusetts (see attachment) for a copy of my Final Sentencing Transcript, knowing it would clarify some uncertainties. Even on my letter of request reflected my Final Sentencing Hearing as January 9, 2004. Though I admittedly made error of the Final Sentencing Hearing date as January 9, 2004, when in fact it was December 9, 2003, I contend that I have made unsuccessful attempts for legal advice that resulted in filing late and without assistance.

There are three primary reasons why I requested the Final Sentencing Transcript. First, the Honorable Judge W. Young in his opening statement, said that he carefully read all the information submitted to him. There are multiple errors in my PSI. I worked very hard to obtain a Real Estate Licence in Nevada after the my company, Preferred Appraisal (as identified in the Indictment) was closed. Kelly Foster obtained incorrect information from the Real Estate Division of Nevada because she used the wrong name. I forwarded the pertinent documentation to my counsel. Yet, the Probation Office responded in 128hh of the PSI, that my counsel did not provide them the updated information. (Item #12, letter C of form 2255) The Honorable Judge W.Young, carefully reads and bases his decision on all the facts and information presented him. I question, is a decision based on incorrect information constitutionally just?

Secondly, the Honorable Judge W. Young in response to the State Attorney, said that I could not have known the amounts of money generated by other companies involved. Yet, I don't know the dollar amount he determined for me. My counsel has not responded to my request for this amount either.

Thirdly, reviewing the Final Sentencing Transcript may have helped

me with my biggest concern. At the Final Sentencing Hearing, my counsel failed to respectfully request the Honorable Judge W. Young to hear my motion for a **downward departure** based on **Unusual Family Circumstances**. I contend that this is clearly **Ineffective Assistance of Counsel**. Even if the judge had chosen to deny discussion on this matter, it should have been introduced by counsel. Because of my daughter's learning disability, I had planned to request some of my order to be "home confinement" rather that incarceration. My counsel failed to show sufficient diligence, therefore, ineffective assistance. In this matter, I submitted documentation from the School Board of Broward County, Florida that clearly stated my daughters learning disability. However, Kelly Foster, incorrectly reported it a **undiagnosed**. Once again, the Honorable Judge W. Young had non-fact presented to him. I have recently written to the ADA (Americans with Disabilities) in Washington D.C. for legal assistance.

Additionally, I contend that I did not properly and fully understand section "d" of the **Plea Agreement**, as pertaining to **mass-marketing**. There is no mention of the term **mass-marketing** in my Indictment. I ran the operations of Preferred Appraisal. The Indictment states on page 10, Role of the Appraisal Companies, that we recieved buyer sheets with customer credit card numbers.

Mass-marketing as defined on page 155 of the <u>Federal Sentencing Guidelines Manual</u> is the solicitation by telephone, mail, the Internet, or other means to induce a large number of people to purchase goods or services was not the role of the appraisal companies.
I contend that my counsel should have detected this discrepancy and challenged section "d" of the Plea agreement.

Had my counsel challenged section "d" of the Plea Agreement with the U.S. Attorney, I may have had it stricken from the Plea Agreement proir to signing.

A two point reduction would allow me, to sooner-than-later, reunite with my family, re-establish community ties and engage in enployment. My case manager has filed relocation papers for me upon release to Atlanta, GA, where my two children are.

I have accomplished all that I can here at the Satellite Camp of FMC Lexington. It includes certificates of completion for: Diversity Class, Basic Finance Class, Self-Development, Yoga I, Walking for Wellness I, II and Beth Moore Bible Study. Additionally, I have participated in Special Events for the Mentally Challenged and storytelling and art n' crafts for the Family Days here at the Satellite Camp. I am currently taking an Advanced Computer Class, Yoga II, an on-going Bible Study and I Train Prison Dogs for the Second Chance Dog Program.

I reiterate my request that the court consider my motion. I would greatly appreciate a reduction in my sentence or even a change in the way I serve the remainder of my sentence - to a halfway house or home confinement. I am currently scheduled, with good-time to leave for a halfway house on June 1, 2006. I aspire to be released six months early, on December 1, 2005.

I am hereby, Sally Williams and I respectfully submit to the United States District Court, District of Massachusetts.

July 21, 2004


Sally Z. Williams
Federal Medical Center
24551-038 Satellite Camp
P.O. Box 14525
Lexington, KY 40512

Peter Parker
Attorney at Law
One Commercial Wharf North
Second Floor
Boston, MA 02110

Dear Peter:

I am writing in reference to my case, Criminal No. 01-10055WGY.

In referring back to the actual sentencing, I still remain extremely bothered on several issues. Firstly, Judge Young opened by saying that he carefully read and reviewed all documents submitted by Council, U.S. Attorney's and the Probation Office. As pertaining to Kelly Foster, Probation Officer - though I may never need to speak with her again, the PSI (Pre-Sentencing Investigation Report) that she compiled contains multiple errors. Yet it was submitted to Judge Young. If in-fact Judge Young carefully read the PSI - he read incorrect information that may have resulted in weighing his decision differently. Courts deal in facts and the PSI contains errors. That which occured during sentencing, I feel had a substantial effect and influenced the proceeding. Ms. Foster stated that my daughter has an <u>undiagnosed</u> learning disability. She stated that I had a Nevada Real Estate License 10 years ago (When in-fact, I received my license May 2001) and that is was currently invalid. She stated that I did not show verification of employment with Marriott. These errors break down my credibility as a responsible person. You worked hard on a Downward Motion for Unusual Family Circumstances and just that one word <u>undiagnosed</u> in the PSI - completely contradicks your efforts. What concerns me, is the PSI is going to be used for the next 5 years. When I self surrendered, the man fingerprinting me made a smart-ass comment from reading my PSI. When I went to my initial "Team" meeting with my counselor and case manager, there was another smart-ass comment made about their being 39,000 victims in my case - which I felt was judgemental and out of context. My case manager gave me a really hard time about Tayrn needing to Fed-ex legal documents here that I needed to look over and she couldn't read and understand them. Had the correct information been in my PSI - it would have been easier for me to plead my case. When I leave here - the Probation Office in Atlanta is going to use the PSI for 3 years. Does this violate my constitutional rights and do I have any recourse?

Secondly, you filed a motion for Downward Departure as it pertained to money; asking the court to agree to a Level 12 increase. The State Attorney argued for a higher amount. Judge Young stated that I could not foresee the amount of money the other companies took in. (That statement

almost contradicts elements of a "Conspiracy".) In the Plea Bargain, I agreed to 1.5 to 2.5 Million. **What amount is my sentencing based on - am I Level 12 or Level 13?**

Thirdly, you know how upset I was that Judge Young completely passed over the most important Downward Departure, "unusual" family circumstances - regarding my daughter. If a Motion is filed with the court, doesn't Judge Young have an obligation to address it? He went right into stating how long I would be incarcerated. Could have you said, "Excuse me your honor, but ...?" Do I have any recourse?

In result - Am I a Level 19 (30 - 37) as you argued or a Level 20 (33 - 41)? If a Level 20, then we did not benefit from any Downward Departures and I only recieved the standard 3 level credit for assuming responsibility.

In addition, I have looked over the SECOND SUPERSEDING INDICTMENT and the Plea Bargain. Can we Motion to Vacate, Set Aside, and/or Correct Sentence, Pursuant to 28 U.S.C. 2255? Blakley v. Washington calls into question the Constitutional validity of the Federal Sentencing Guidelines. Upward departures beyond Base levels. As pertaining to the money - the Plea Bargain states that I will ask for the money to be between 1.5 - 2.5 million. The indictment briefly mentions a dollar figure on page 15. That figure is not directly related to me, but merely an estimate of the amounts taken as a whole. The only dollar amount directly targeting me, relate to several money wire transfers. The Indictment involves damages to the extremely unsuspecting public at large. The Plea Bargain and the Indictment are not consistent with one another.

I recieved a Level 2 enhancement for mass-marketing. I was required to agree to this to satisfy the U.S. Attorney. The Indictment, lays out how the whole thing unfolded and the role of each company, HOWEVER mentions the word mass-marketing. It may imply it, but never mentions it, yet I had to admit to it. I was indicted because I ran the operations of Preferred Appraisal. The role of the appraisal companies as outlined in the indictment - I handled the phones, service and provided "bogus" appraisals. I ran credit cards - but the solicitation of a large number of persons to purchase goods or services was done in Florida by the sales-structure of a different company. (None of those people were indicted for anything, yet alone, mass-marketing.) As mass-marketing is defined on p. 155 of the Federal Sentencing Guidelines Manual, this was not the role of Preferred Appraisal. This Level 2 enhancement represents about 6 months of my life.

As for the other Level 2 enhancement, I haven't figured out anything as of yet. I am hoping that Apprendi v. New Jersey, Apprendi and Ring v. Arizona, Blakley v. Washington or some other case can help me get my sentence reduced to get out of this horrifyingly, disheartening, awful place.

Which brings to mind, one other thing - there may come a day when those two other scumbags, (Vince Corey - Canada and Edward Loney - Ireland) are brought to trial. If and when, I would like to be considered to testify for the U.S. Attorney's. Josh found discrepancies in my information or

May 30, 2001. Had, I been there with council, that probably would not have happened. Nor-the-less, my guilty plea and accepting responsibility should supersede that drilling day of questions. Leaving here on a "writ" should buy me some time off.

I will give you some time to mull this all over, then I will contact you by phone. Should you want to convey an information to my daughter, she still has the same phone number (702)340-5496.

Sincerely,

Sally Z. Williams

October 8, 2004


U.S. Federal Courthouse

One Courthouse Way

Boston, MA 02210


Dear Clerk of the Courts:

    RE: United States v. Sally Williams

        Cr. No. 01-10055-WGY


I respectfully request a copy of the transcript of my Final Sentencing Hearing on January 9, 2004.

Please forward it to:

    Sally Z. Williams

    Federal Medical Center

    24551-038 Satellite Camp

    P.O.Box 14525

    Lexington, KY 40512


I no longer have council and would greatly appreciate your assistance in this matter.

Sincerely, Sally Z. Williams

United States District Court

District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Bell, Marie entered on 11/12/2004 at 2:33 PM EST and filed on 11/12/2004
Case Name:  USA v. Gonczy, et al
Case Number: 1:01-cr-10055
Filer:
WARNING: CASE CLOSED on 12/09/2003
Document Number:

Docket Text:
Judge William G. Young : ELECTRONIC ORDER entered as to Sally Williams re [421] Letter Requesting Copy of Transcript of Final Sentencing Hearing on 1/9/04. MS. WILLIAMS MUST FIRST BE APPEALING IN FORMA PAUPERIS. THEN HER APPELLATE ATTORNEY CAN ORDER THE TRANSCRIPT. cc/cl. (Bell, Marie)

The following document(s) are associated with this transaction:


1:01-cr-10055-13 Notice will be electronically mailed to:

James H. Budreau     budjim@aol.com

Carmen M. Ortiz     carmen.ortiz@usdoj.gov

E. Peter Parker     peter@parkerslaw.com

John Salsberg     jrs@salsbergandschneider.com

Michael R. Schneider     mrs@salsbergandschneider.com, mrs9@ix.netcom.com

1:01-cr-10055-13 Notice will not be electronically mailed to:

Joshua S. Levy
United States Attorney's Office
John Joseph Moakley Federal Courthouse
1 Courthouse Way
Suite 9200
Boston, MA 02210

Probation Office
U.S. Probation Office
1 Courthouse Way
Boston, MA 02210

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA
RESPONDENT

VS.

SALLY WILLIAMS
PETITIONER

DOCKET NO. 01-CR10055 013 WGY

---

### MOTION TO CORRECT A SENTENCE
### PURSUANT TO 18 U.S.C. §3742 (a)(1)(2), Rule 52 (b), and/or 28 U.S.C. § 2244 (a)(2)(A), 28 U.S.C. § 2255.

COMES NOW, Sally Williams,

Petitioner (pro se), to this Honorable Court seeking the correction of her sentence pursuant to 18 U.S.C. §3742 (a)(1)(2). She asks this Court to give retroactive application of the ruling in the recent Supreme Court opinion of Blakely v. Washington 543 U.S. Supreme Court June 24, 2004 and United States v. Booker July 9, 2004.

Pursuant to §3742, jurisdiction is established and a defendant may file a notice of appeal in the District Court of an otherwise final sentence which was imposed in violation of the law.

The standard of review is the Federal Rules of Criminal Procedures, Rule 52(b), for Plain Error. Plain Error is an error that affects substantial rights of a defendant and should be reviewed de novo.

This motion serves also as a Notice of Appeal pursuant to 18 U.S.C. §3742 (a)(1)(2) to the incorrect sentence movant received on 12/09/2003, for one (1) count of Conspiracy (18 U.S.C. 371). Defendant received a thirty-three (33) month sentence of incarceration and two (2) years probation.

Petitioner respectfully reserves her right to submit a Memorandum of Law in support of the instant motion and for the reasons to be set forth therein. The Petitioner respectfully requests that the Court grant her Motion and vacate, set aside or change her sentence accordingly.

Respectfully submitted this  5th  day of January 2005.

_Sally Williams_
Sally Williams


Petitioner, pro se

PROOF OF SERVICE

I, the undersigned, hereby certify under penalty of perjury that on January 7, 2005, a copy of Motion 2255, to Vacate, Set Aside or Correct a Sentence has been served on the Clerk of the Court, District of Massachusetts, One Courthouse Way, Boston, MA 02210, by sending said documents in a properly addressed enclosed envelope with postage paid as certified receit return mail and documents by Receiving & Delivery at the Satellite Camp, FMC Lexington.

_____
Sally Williams

This the __7__ day of __January__, 2005.